577

MENTOR (VILLAGE), PLAINTIFF-APPELLEE, v. McTIGUE, JR., DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Lake County.

No. 673.   Decided May 10, 1962.

*Mr. Wayne E. Davis,* for plaintiff-appellee.
*Mr. Justin Rosenthal,* for defendant-appellant.

GRIFFITH, J.   This is an appeal on law only from a sentence of the Painesville Municipal Court, which sentence was imposed following a verdict of guilty by a jury in that court.

The appellant was found guilty of driving a motor vehicle while under the influence of intoxicating liquor.

The one and only assignment of error reads:—

"The Honorable A. W. Hayer committed prejudicial error by including in his charge to the jury comment on one particular part of the evidence without reviewing all of the evidence."

578

There is no bill of exceptions before us.

By stipulation it is stated that the court said to the jury in its general charge:—

"Bear in mind, all the testimony adduced for your consideration in this case and weighing it, you may also consider and weigh defendant's refusal to take the chemical test requested of him, attaching thereto such significance and weight, if any, as you believe to be justified."

This is all of the charge we have before us.

The appellant has singled out this one part of the charge and has not provided us with information as to the whole charge.

The charge must be considered as a whole and can not be tested by a part thereof.

"When a paragraph in a charge taken by itself might be misleading to a jury, yet when such part is considered in the light of the entire instructions of the court, and the charge is considered as a whole, no prejudicial error appearing, the judgment on a verdict will not be reversed." *Ochsner, Administrator,* v. *The Cincinnati Traction Co.,* 107 Ohio St., 33, paragraph two of the syllabus.

The Court of Appeals of the Ninth District on May 12, 1938, in the case of *State, Appellee,* v. *Gatton, Appellant,* 60 Ohio App., 192, held that where the accused has been asked to submit to having either a blood test or a urinalysis made to determine the amount of alcohol in his system and had refused to have such a test taken was properly admitted over the objection that it required the defendant to testify against himself in violation of the State Constitution. The court held further that this failure to testify might be considered by the court and jury and might be the subject of comment by counsel.

We are, therefore, of the opinion that this assignment of error is not well taken. Judgment affirmed.

BROWN, P. J., DONAHUE, J., concur.